■ In the Matter of STUART GOLDSTEIN, Petitioner, v. COUNTY COURT OF ERIE COUNTY et al., Respondents.— Application unanimously denied. Memorandum: In our opinion the Grand Jury empanelled with the November 1964 Criminal Term of the Erie County Court was and continued to be a legally constituted and functioning Grand Jury and was such when the several indictments in question were found and presented. The several orders entitled "In the Matter of the Extension of the Criminal Term of the County Court * * * and its Grand Jury" are to be interpreted so as to give effect to the court's intention in making them by applying the same rules of construction as are used in ascertaining the meaning of any other writing (60 C. J. S., Motions and Orders, § 64, pp. 77, 78; see, also, 7 Carmody-Wait, New York Practice, p. 234). "The writing will be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose" (4 Williston, Contracts [3d ed.], § 618). Reading the orders as a whole we find that they relate to "extension of the criminal term of the County Court * * * and its grand jury"; and that "there are several uncompleted matters pending before this court * * * the Grand Jury * * * has several matters pending before it." It is clear that the general purpose of the orders is to extend both the November 1964 Criminal Term of the County Court and its Grand Jury. The several orders are construed accordingly. The provisions of the orders which directed the Grand Jury to reconvene at the call of the District Attorney had no effect whatsoever. It appears, however, that such provisions were not acted upon and that the Grand Jury regulated itself under court supervision. The faulty provision did not affect the validity of its proceedings. (Application for an order of prohibition restraining the County Court of Erie County, County Judges and District Attorney of Erie County from further proceedings under Indictment No. 31.717-C *People* v. *Stuart Goldstein et al.*, and to dismiss the indictment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of RALPH SAFT, Petitioner, v. COUNTY COURT OF ERIE COUNTY et al., Respondents.— Same decision as in *Matter of Goldstein* v. *County Court of Erie County* (24 A D 2d 823), decided herewith. (Application for an order of prohibition restraining the County Court of Erie County, County Judges and District Attorney of Erie County from further proceedings under Indictment No. 31.717-A and 31.717-B *People* v. *Ralph Saft, et al.*, and to dismiss the indictment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.